**UNITED STATES DISTRICT COURT**
District of New Jersey

| | |
|---|---|
| CHAMBERS OF<br>JOSE L. LINARES<br>JUDGE | MARTIN LUTHER KING JR.<br>FEDERAL BUILDING & U.S. COURTHOUSE<br>50 WALNUT ST., ROOM 5054<br>P.O. Box 999<br>Newark, NJ 07101-0999<br>973-645-6042 |

**NOT FOR PUBLICATION**                                            July 11, 2011

Kristine L. Butler                                   Steven Miles Lucks
Volpe and Koenig, PC                                 Fishkin Lucks LLP
One Palmer Square                                    The Legal Center
Suite 315                                            One Riverfront Plaza, Suite 220
Princeton, NJ 08542                                  Newark, NJ 07102

Tracy Zurzolo Quinn
Reed Smith LLP
2500 One Liberty Place
1650 Market Street
Philadelphia, PA 19103-7301

**LETTER OPINION**

      Re:    <u>**Lottotron, Inc. v. Athila Station, et al.**</u>
               **Civil Action No. 10-4318 (JLL)**

Dear Counsel:

      This matter comes before the Court by way of a motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(b)(6) filed by Defendant Partygaming PLC ("Partygaming") on May 12, 2011, and a motion to dismiss pursuant to Federal Rules of Civil of Procedure 12(b)(2) and 12(b)(6) filed by Defendant OIGE CG Ltd. ("OIGE") on May 23, 2011. The Court has considered the submissions of the parties in support of and in opposition to the present motions and decides the matter without oral argument pursuant to Federal Rule of Civil Procedure 78.

**BACKGROUND**

      Plaintiff's Amended Complaint asserts claims against various defendants that allegedly operate online, interactive gaming websites that infringe Plaintiff's patents. The Amended Complaint asserts that Partygaming is a Gibraltar corporation, (Am. Compl. ¶ 16), that "at some

1

point" between August 19, 2004 and March 6, 2010 offered an online gaming site through its interactive website in this District and elsewhere, (id. at ¶ 38). The Amended Complaint further asserts that OIGE is a Malta corporation that also offered an online gaming site during the same time period in this District and elsewhere.  (Id. at ¶ 14, 36.)

### LEGAL STANDARD

A federal district court may exercise jurisdiction over a non-resident defendant to the extent permitted by the law of the state in which it sits.  O'Connor v. Sandy Lane Hotel Co., 496 F.3d 312, 316 (3d Cir. 2007).  Federal Circuit law governs the issue of personal jurisdiction in patent-related cases where, as here, the defendant is from out-of-state.  Deprenyl Animal Health, Inc. v. Univ. of Toronto Innovations Found., 297 F.3d 1343, 1348 (Fed. Cir. 2002).  New Jersey's long-arm statute permits the exercise of personal jurisdiction over non-resident defendants to the full extent allowed under the Fourteenth Amendment of the United States Constitution.  See N.J. Ct. R. 4:4-4; Eaton Corp. v. Maslym Holding Co., 929 F. Supp. 792, 796 (D.N.J. 1996).

Personal jurisdiction may be either general or specific.  Silent Drive, Inc. v. Strong Indus., 326 F.3d 1194, 1200 (Fed. Cir. 2003).  Lottotron does not allege that the Court has general jurisdiction over Partygaming or OIGE.  Specific jurisdiction is appropriate where "(1) the defendant purposefully directed its activities at residents of the forum; (2) the claim arises out of or relates to the defendant's activities with the forum; and (3) assertion of personal jurisdiction is reasonable and fair."  Synthes (U.S.A.) v. G.M. Dos Reis Jr. Ind. Com de Equip. Medico, 563 F.3d 1285, 1291 (Fed. Cir. 2009).  "The first two factors correspond with the 'minimum contacts' prong of the Supreme Court's International Shoe analysis, and the third factor corresponds with the 'fair play and substantial justice' prong of the analysis."  Inamed Corp. v. Kuzmak, 249 F.3d 1356, 1360 (Fed. Cir. 2001).

The Court may not exercise personal jurisdiction over a non-resident defendant unless the defendant has certain "minimum contacts" with the forum.  World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 291 (1980).  To find minimum contacts, the Court must determine that the defendant has purposefully directed its activities towards the forum.  Burger King Corp. v. Rudzewicz, 471 U.S. 462, 474 (1985).  Thus, there must be "some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws."  Hanson v. Denckla, 357 U.S. 235, 253 (1958).  Second, if minimum contacts are shown, jurisdiction may be exercised where the court determines, in its discretion, that to do so would comport with "traditional notions of fair play and substantial justice."  Burger King, 471 U.S. at 476 (citing Int'l Shoe v. Washington, 326 U.S. 310, 326 (1945)).

### DISCUSSION

When the parties have not conducted discovery, the plaintiff need only "make a prima

facie showing" that the defendants are subject to personal jurisdiction. Silent Drive, 326 F.3d at 1201. "As such, the pleadings and affidavits are to be construed . . . in the light most favorable to the plaintiff." Id. (citation and quotation omitted). The plaintiff "need only demonstrate facts that, if true, would support jurisdiction over the Defendants. Unless directly contravened, [the plaintiff's] version of the facts is taken as true, and conflicts between the facts contained in declarations submitted by the two sides must be resolved in the plaintiff favor for purposes of deciding whether a prima facie case for personal jurisdiction exists." Campbell Pet Co. v. Miale, 542 F.3d 879, 888 (Fed. Cir. 2008) (quoting Mattel, Inc. v. Greiner & Hausser GmbH, 354 F.3d 857 (9th Cir. 2003); citing 5B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1351 (3d ed. 2004) (the plaintiff "need[] only make a prima facie showing when the district judge restricts her review of the Rule 12(b)(2) motion solely to affidavits and other written evidence.")).

Partygaming argues that the Court lacks personal jurisdiction over it because it does not own the websites at issue and because neither it nor its subsidiaries have a presence in this District. In response, Plaintiff has failed to produce any evidence that Partygaming has "purposefully directed its activities" at the residents of this forum. Plaintiff's Amended Complaint asserts that Partygaming is a Gibraltar corporation and that "at some point" between August 19, 2004 and March 6, 2010 offered an online gaming site through its interactive website in this District. (Am. Compl. ¶ 38.) Plaintiff has failed, however, to support those allegations with affidavits or other evidence to make a prima facie showing of personal jurisdiction over Partygaming. Plaintiff's brief in opposition to Partygaming's motion merely disputes the factual assertions and qualifications of Partygaming's affiant, Robert Hoskin, by way of reference to Partygaming's purported statements to a federal district court in Ohio that it is "one of the world's largest online gaming companies." (Pl.'s Opp'n to Partygaming's Mot. at 11.) Plaintiff further points to the complaint in that Ohio action, in which a putative class of "members and citizens" of various states, including New Jersey, brought claims against Partygaming. (See id. at 15, citing Decl. of Kristine Bulter, Ex. C at 3, ¶ 6.) The questionable relevance of this assertion aside, the recitation of bare allegations from another federal action do not "demonstrate facts that, if true, would support jurisdiction" over the defendant here.

Plaintiff has thus failed to satisfy its burden of production in response to Partygaming's motion to dismiss.[1] As such, Partygaming's motion to dismiss for lack of personal jurisdiction is

---

[1]The face of the Amended Complaint likewise does not demonstrate a prima facie case of personal jurisdiction over Partygaming. See Pennington Seed, Inc. v. Produce Exchange No. 299, 457 F.3d 1334, 1344 (Fed. Cir. 2006) (limiting its personal jurisdiction analysis to the face of the plaintiff's complaint); but see Metcalfe v. Renaissance Marine, Inc., 566 F.3d 324, 300 (3d Cir. 2009) (stating that once the personal jurisdiction defense is raised, "the plaintiff must prove by affidavits or other competent evidence that jurisdiction is proper.") (quotation and alteration omitted). The Amended Complaint merely asserts that between August 19, 2004 and March 6, 2010, Partygaming offered an online gaming site through its interactive website in this District and elsewhere. (Am. Compl. ¶ 38.) This basic allegation, taken as true, does not show that

granted.[2] Plaintiff is not entitled to jurisdictional discovery, as this is not a case where "the existing record is inadequate to support personal jurisdiction," Trintec Industries, Inc. v. Pedre Promotional Products, Inc., 395 F.3d 1275, 1283 (Fed. Cir. 2005) (quotation omitted), but rather is a case where the plaintiff has entirely failed to put evidence in the record to support personal jurisdiction.

OIGE argues that it has no contacts with New Jersey and that any contacts of "OIGE NV," a third party, cannot be attributed to OIGE. In response, Plaintiff has produced evidence to demonstrate that OIGE and OIGE NV are in fact related entities, and that one or both are in some way responsible for the accused Intercasino website. Plaintiff first points to an adjudication by the British Advertising Standards Authority regarding Intercasino, in which "OIGE CG Ltd. [trading as] Intercasino" is the named party. (Pl.'s Opp'n to OIGE's Mot., Decl. of Kristine L. Butler ["Butler Decl."], Ex. A.) Plaintiff further points to a program called Interpartners, which is apparently "an affiliate program operated by OIGE N.V." on behalf of properties including Intercasino. (Id. at Ex. B.) Plaintiff finally points to a Securities Exchange Commission document stating that OIGE NV had renewed its license for the software operating the Intercasino website. (Pl.'s Opp'n to OIGE's Mot. at 5, citing Docket Entry. No. 120-1, Decl. of Stacy Friedman, at 2, ¶ 2; see Butler Decl., Ex. A.)

For all of its discussion of the relationship between OIGE and OIGE NV, Plaintiff has nonetheless failed to produce evidence linking the activities of those entities, or the Intercasino website, to this forum. None of the evidence produced by Plaintiff identifies any activities by

---

Partygaming's activities were purposefully directed toward the residents of this forum, as the mere "offer" of a website does not necessarily imply that those residents accessed or interacted with such site. See Toys "R" Us, Inc. v. Step Two, S.A., 318 F.3d 446, 452 (3d Cir. 2003); Zippo Mfg. Co. v. Zippo Dot Com, Inc., 952 F. Supp. 1119, 1124 (W.D. Pa. 1997) ("A passive Web site that does little more than make information available to those who are interested in it is not grounds for the exercise personal jurisdiction").

[2]The Court does not reach Partygaming's arguments under Rule 12(b)(6), which appear to rely exclusively on factual assertions made in Mr. Hoskin's declaration regarding Partygaming's relationship with its subsidiaries and the locations of its servers. (See Def. Partygaming's Br. in Supp. of Mot. to Dismiss at 4– 7, 10–12.) The Court does not consider such external matters on a Rule 12(b) motion and declines to convert this motion to a motion for summary judgment. The Court further notes that these factual issues do not affect the Court's subject matter jurisdiction. See Litecubes, LLC v. Northern Light Products, Inc., 523 F.3d 1353, 1357 (Fed. Cir. 2008) ("A plaintiff must prove that allegedly infringing activity took place in the United States to prevail on claims of patent . . . infringement, but as with any other element of the claims, failure to do so does not divest the federal courts of subject matter jurisdiction over the action.").

OIGE that were purposefully directed toward the residents of New Jersey.[3]  Furthermore, Plaintiff's request to substitute OIGE NV for OIGE pursuant to Rule 25 is inappropriate, as there is no evidence that a transfer in interest has occurred.  See Minnesota Min. & Mfg. Co. v. Eco Chem, Inc., 757 F.2d 1256, 1263 (Fed. Cir. 1985).  As such, jurisdictional discovery is not warranted, and OIGE's motion to dismiss for lack of personal jurisdiction is granted.[4]

## CONCLUSION

For the foregoing reasons, the motions to dismiss filed by Partygaming and OIGE are granted.  Plaintiff's Amended Complaint will be dismissed with prejudice as to those defendants.  An appropriate Order accompanies this Letter Opinion.

/s/ Jose L. Linares
Jose L. Linares
United States District Judge

---

[3] Furthermore, as with Partygaming, the Amended Complaint itself does not sufficiently allege personal jurisdiction over OIGE, asserting only that it "offered" the website in this District during the relevant time period.

[4] The Court does not reach OIGE's arguments under Rule 12(b)(6), which are based entirely on its factual contention that OIGE and OIGE NV are distinct entities.  (See Def. OIGE's Br. in Supp. of Mot. to Dismiss at 12.)  The Court does not consider such external matters on a Rule 12(b) motion and declines to convert this motion to a motion for summary judgment.