<u>**NOT FOR PUBLICATION**</u>

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| LOTTOTRON, INC.,<br>　　　　　　　　　Plaintiff,<br>v.<br>ATHILA STATION, et al.,<br>　　　　　　　　　Defendants. | Civil Action No.: 10-4318 (JLL)<br><br>**OPINION** |

**LINARES**, District Judge.

This matter comes before the Court by way of a motion for reconsideration of this Court's July 11, 2011 Letter Opinion and Order filed by Plaintiff [Docket Entry No. 180]. The Court has considered the submission made in support of the instant motion. No oral argument was heard. Fed. R. Civ. P. 78. Based on the reasons that follow, the motion is denied.

### I. <u>BACKGROUND</u>

As the Court writes only for the parties, a familiarity with the factual and procedural background of this matter will be presumed. Plaintiff's original Complaint was filed on August 19, 2010. An Amended Complaint was filed on April 27, 2011. Defendant Partygaming PLC ("Partygaming") subsequently filed a motion to dismiss Plaintiff's Complaint pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(b)(6) [Docket Entry No. 148]. Defendant OIGE CG Ltd. ("OIGE") also filed a motion to dismiss Plaintiff's Complaint pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(b)(6) [Docket Entry No. 159]. On July 11, 2011, this Court granted

Defendants Partygaming and OIGE's motions to dismiss for lack of personal jurisdiction, dismissing with prejudice as to those defendants.

Currently before the Court is a motion for reconsideration of the Court's July 11, 2011 holding as it pertains to its claims against Defendants Partygaming and OIGE. Plaintiff asks the Court to reconsider its dismissal of all claims against those defendants.

## II. LEGAL STANDARD

Local Rule 7.1(I) provides, in relevant part:

A motion for reconsideration shall be served and filed within 14 days after the entry of the order or judgment on the original motion by the Judge or Magistrate Judge. A brief setting forth concisely the matter or controlling decisions which the party believes the Judge or Magistrate Judge has overlooked shall be filed with the Notice of Motion.

L.Civ.R. 7.1(I). "Reconsideration is an extraordinary remedy" and should be "granted 'very sparingly.' " See L.Civ.R. 7.1(I) cmt.6(d); see also Felons v. Lombard Investment Corp., Nos. 04-3993, 04-5768, 04-3992, 04-6105, 2005 WL 3104145, at *1 (D.N.J. Oct. 18, 2005). A judgment may be altered or amended if the movant shows at least one of the following grounds: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [issued its order]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999)(citing N. River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995)). When the assertion is that the Court overlooked something, the Court must have overlooked "some dispositive factual or legal matter that was presented to it." McGovern v. City of Jersey, No. 98-5186, 2008 WL 58820, at *2 (D.N.J. Jan. 2, 2008). Moreover, a motion for reconsideration may not be used to re-litigate

old matters or argue new matters that could have been raised before the original decision was reached. See, e.g., P. Schoenfeld Asset Mgmt., L.L.C. v. Cendant Corp., 161 F. Supp. 2d 349, 352 (D.N.J. 2001).[1]

### III. DISCUSSION

Plaintiff asks the Court to reconsider its July 11, 2011 holding as it pertains to the dismissal of all claims filed against Defendants Partygaming and OIGE.   The Court must first determine whether Plaintiff's arguments are properly raised under Local Civil Rule 7.1(I), thus permitting this Court to reach the merits of the motion for reconsideration. Plaintiff his filed a timely motion for reconsideration within fourteen days of this Court's order of dismissal. However, Plaintiff must also meet its burden to put forth dispositive facts or controlling decisions which they claim this Court overlooked. L. Civ. R. 7.1(I).

Plaintiff does not present intervening controlling law nor additional dispositive factual evidence not reviewed in the Court's original Opinion, so this Court will construe Plaintiff's motion for reconsideration to rest on the ground that the Court needs to correct a clear error of law or fact or to prevent manifest injustice. Specifically, the error pointed to by Plaintiff is alleged to be this

---

[1] Plaintiff's motion could be denied on this basis alone. See, e.g., P. Schoenfeld Asset Mgmt., L.L.C. v. Cendant Corp., 161 F. Supp. 2d 349, 352 (clarifying that a motion for reconsideration may not be used to re-litigate old matters or argue new matters that could have been raised before the original decision was reached). "A party seeking reconsideration must show more than a disagreement with the Court's decision, and 'recapitulation of the cases and arguments considered by the court before rendering its original decision fails to carry the moving party's burden.'" G-69 v. Degnan, 748 F. Supp. 274, 275 (D.N.J. 1990)(quoting Carteret Savings Bank, F.A. v. Shushan, 721 F.Supp. 705, 709 (D.N.J.1989), appeal dismissed, 919 F.2d 225 (3rd Cir. 1990)).

3

Court's incorrect construal of whether an "offer of sale" establishes personal jurisdiction over Defendants Partygaming and OIGE. Since this Court rested its dismissal of claims not on the grounds that an "offer of sale" may establish personal jurisdiction but rather on the failure of Plaintiff to meet its burden of production in establishing a prima facie showing that Defendants even made an offer of sale in this Forum, the motion for reconsideration is denied.

**1.        Personal Jurisdiction over Defendant Partygaming**

Plaintiff first seeks reconsideration of this Court's dismissal of its claims with prejudice against Defendant Partygaming. In its July 11, 2011 Opinion, the Court stated that "Plaintiff has . . . failed to satisfy its burden of production in response to Partygaming's motion to dismiss" since it failed to provide a prima facie showing, with affidavits or other evidence, "that 'at some point' between August 19, 2004 and March 6, 2010 [Partygaming] offered an online gaming site through its interactive website in this District." (July 11, 2011 Opinion). This Court found insufficient the two productions Plaintiff put forward demonstrating that Partygaming "purposefully directed its activities" at residents of this Forum. First, Plaintiff merely disputed "the factual assertions and qualifications of Partygaming's affiant, Robert Hoskin, by way of reference to Partygaming's purported statements to a federal district court in Ohio that it is 'one of the world's largest online gaming companies.'" (July 11, 2011 Opinion). Second, Plaintiff referred the Court to the complaint in an Ohio action in which a putative class of "members and citizens" of various states, including New Jersey, brought claims against Partygaming. (July 11, 2011 Opinion). Together, these bare allegations were found by this Court as failing to satisfy Plaintiff's burden of production with regard to Partygaming's motion to dismiss.

4

In support of its motion for reconsideration, Plaintiff does not present arguments on any of the grounds required for altering or amending a judgment. Plaintiff does not attempt to show, as required, that the Court has overlooked one of the following grounds: an intervening change in the controlling law; the availability of new evidence that was not available when the court issued its order; or a need to correct a clear error of law or fact or to prevent manifest injustice. Plaintiff does not introduce additional evidence of acts performed by Partygaming in particular with regard to purposeful direction at this Forum. Rather, Plaintiff attempts to relitigate whether an unsubstantiated "offer for sale," alleged by Plaintiff without a prima facie showing that an offer was made by Defendant Partygaming, independently confers personal jurisdiction in any judicial district in which such an alleged offer was made.

Specifically, Plaintiff argues that a 1994 amendment to 35 U.S.C. § 271(a) and subsequent case law demonstrate that offers for sale confer personal jurisdiction as they "are indeed infringements in the judicial district in which such offers were made." (Pl. Br. at 2). This Court has already reviewed case law interpreting § 271(a) in its determination that an offering on an online gaming site, "taken as true, does not show that Partygaming's activities were purposefully directed toward the residents of this forum, as the mere 'offer' of a website does not necessarily imply that those residents accessed or interacted with such site. See Toys 'R' Us, Inc. v. Step Two, S.A., 318 F.3d 446, 452 (3d Cir. 2003); Zippo Mfg. Co. v. Zippo Dot Com, Inc., 952 F. Supp. 1119, 1124 (W.D. Pa. 1997)('A passive Web site that does little more than make information available to those who are interested in it is not grounds for the exercise of personal jurisdiction.')" (July 11, 2011 Opinion). In response to this, Plaintiff asserts that this jurisprudence is irrelevant since defendants offered an interactive rather than a passive gaming website, and "[w]hether a wagerer in New Jersey

5

ever availed himself of these websites makes them no less interactive, and, more importantly, makes the defendants' *offers* no less acts of infringement." (Pl. Br. at 3). In addition, Plaintiff notes that Partygaming has not denied that such offers were made (Pl. Br. at 1 n.1). However, without additional evidence that offers *were* in fact made in this Forum, the mere reassertion of legal arguments and an assertion of defendant's non-denial does not satisfy Plaintiff's burden of production sufficient to warrant personal jurisdiction.

Plaintiff mistakes this Court's recognition that offers of sale *may* constitute acts of infringement under current law with a mandate for the Court to recognize that an *alleged* offer of sale that lacks a prima facie showing of purposeful direction at this forum necessarily constitutes an act of infringement sufficient to assert jurisdiction of named defendants. Since Plaintiff has not made the requisite prima facie showing of an offer of sale in this Forum, nor has it included additional evidence or changes in controlling law not considered by the Court, Plaintiff's motion for reconsideration of this Court's dismissal of its claims is denied.

2.   **Personal Jurisdiction over Defendant OIGE**

Plaintiff also seeks reconsideration of this Court's dismissal of its claims with prejudice against Defendant OIGE. In its July 11, 2011 Opinion, the Court stated that "Plaintiff has . . . failed to produce evidence linking the activities of [OIGE and OIGE NV], or the Intercasino website, to this forum." {July 11, 2011 Opinion). This Court found insufficient the three productions Plaintiff put forward demonstrating that OIGE "purposefully directed its activities" at the residents of this forum. Plaintiff pointed to 1) an adjudication by the British Advertising Standards Authority regarding Intercasino, in which OIGE CG trading as Intercasino is a named party; 2) the Interpartners

program, which is apparently "an affiliate program operated by OIGE N.V." on behalf of properties including Intercasino; and 3) a Securities Exchange Commission document stating that OIGE NV had renewed its license for the software operating the Intercasino website (July 11, 2011 Opinion). Together, these bare allegations were found by the court as failing to satisfy Plaintiff's burden of production with regard to OIGE's motion to dismiss.

As in its arguments for reconsideration regarding Partygaming's dismissal, Plaintiff does not present arguments on any of the grounds required for altering or amending a judgment as Plaintiff does not show an intervening change in the controlling law; the availability of new evidence that was not available when the court issued its order; nor a need to correct a clear error of law or fact or to prevent manifest injustice. Specifically, Plaintiff does not introduce additional evidence of acts performed by OIGE or OIGE NV in particular with regard to purposeful direction at this forum. Moreover, Plaintiff does not present controlling law with respect to an offer of sale that this Court did not consider in its original Opinion. Plaintiff relies on the same legal arguments with regard to OIGE's unsubstantiated "offer for sale" as it presents in its arguments regarding defendant Partygaming. (Pl. Br. at 1). This Court has already considered those legal arguments and reasserts with regard to defendant OIGE that Plaintiff has not made a prima facie showing of purposeful direction at this Forum nor has it included additional dispositive factual or legal matter to warrant amendment of its original Opinion regarding dismissing defendant OIGE. Plaintiff's motion for reconsideration of this Court's dismissal of its claims against OIGE is therefore denied.

### IV. CONCLUSION

For the foregoing reasons, the motion for reconsideration is hereby **denied**.

An appropriate Order accompanies this Opinion.


DATED: September 1, 2011               /s/ Jose L. Linares
                                       United States District Judge